UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE<br>CDCR #BF-3836,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES; WILLIAM BARR, Attorney General; ANDREW RODENSTEIN, Assistant Attorney General; JOHN DOE, Director of the F.B.I.; JOHN DOE, Director of the D.E.A.,<br><br>        Defendants. | Case No.: 3:19-cv-1544-AJB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2];**<br><br>**2) DENYING MOTION TO APPOINT COUNSEL AND MOTION FOR JOINDER [Doc. Nos. 5, 7];**<br><br>**AND**<br><br>**3) DISMISSING CIVIL ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

Joseph George ("Plaintiff"), proceeding pro se, and currently housed at the California Correctional Institution located in Tehachapi, California has filed this civil rights action pursuant to 42 U.C.S. (Doc. No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

In addition, Plaintiff has filed a "Motion to Appoint Counsel," along with a "Motion for Joinder." (Doc. Nos. 5, 7.)

**I.  Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report. *See* Doc. No. 2; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff had an available balance of zero at the time of filing. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Application to Plaintiff's Complaint</u>

In his Complaint, Plaintiff seeks to hold the Attorney General, Assistant Attorney General, Director of the Federal Bureau of Investigation, and the Director of the Drug Enforcement Administration liable for "conspiracy, failure to protect, investigate and prosecute, concealing murders, accessory, aiding and abetting, material support." (Compl. at 1-3.)

The Court finds Plaintiff's entire Complaint is patently frivolous. A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992).

4

3:19-cv-1544-AJB-BLM

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, the Court finds that Plaintiff's claims "rise to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal as frivolous and without leave to amend. *See Lopez v. Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

### III. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at

970. Therefore, the Court finds no "exceptional circumstances" currently exist and DENIES Plaintiff's Motion to Appoint Counsel (Doc. No. 5).

## IV. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

2. **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A and without leave to amend;

3. **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. No. 5);

4. **DENIES** Plaintiff's Motion for Joinder as moot (Doc. No. 7)

5. **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

Dated: October 7, 2019

Hon. Anthony J. Battaglia
United States District Judge